Bk: 53847 Pg: 226
Page: 1 of 2   06/12/2015 03:03 PM   WD

{THIS DEED IS NOT VALID UNLESS RECORDED WITHIN 60 DAYS AFTER THE DATE OF SALE}

STATE TAX FORM 321                               TAX COLLECTOR'S DEED
TO A PERSON
WHOLE ESTATE – NO ADJOURNMENT

## THE COMMONWEALTH OF MASSACHUSETTS
## CITY OF WORCESTER
## OFFICE OF THE COLLECTOR OF TAXES

I, Mariann Castelli Hier, Treasurer & Collector of Taxes for the City of Worcester, pursuant and subject to the provisions of General Laws, Chapter 60, §§43 and 45, in consideration of $16,016.81/100 dollars to me paid, hereby grant to: **EUGENE M. LAMENTO**, residing at 4 GROVE ST PAXTON, MA 01612 subject to the statutory right of redemption, the following described land:

### DESCRIPTION OF LAND

MBL: _0300900020_
ABOUT 21,287 SQ FT OF LAND WITH BUILDINGS LOCATED AT 2 IONIC AVE BEING DESIGNATED ON ASSESSOR'S PLAN AS MAP 03 BLOCK 009 LOT 00020 AND NOW OR FORMERLY OWNED BY SAID WHIZ KIDS DEVELOPMENT LLC   Deed Ref: Book: 47801 Page: 334

**FY14 TAXES UNPAID**       **$13,293.06**

No person having offered to take an undivided part of said land at a sale by public auction as provided by law, the whole of said land was sold to the grantee at said auction on **May 20, 2015**, for non-payment of taxes as defined in §43 of said Chapter 60 assessed thereon to: **WHIZ KIDS DEVELOPMENT LLC** for the Fiscal Year **2014** which were not paid within fourteen days after demand thereon made upon 0300900020   May 14, 2014, and still remained unpaid at the date of the sale in the above amount including interest and necessary intervening charges, after publication of notice of sale in the Worcester Telegram & Gazette on May 6, 2015, and the posting of copies of said notice in the following places: (1) Worcester City Hall, Room 203 455 Main Street, Worcester, MA (2) Worcester Public Library 3 Salem Square Worcester, MA 01608.

This deed is given with the warranty that the aforesaid sale was in all particulars conducted according to law.

Executed as a sealed instrument this 10th day of June, 2015

_____ Treasurer & Collector of Taxes for the City of Worcester

## THE COMMONWEALTH OF MASSACHUSETTS

WORCESTER, s.s.                                                                        June 10, 2015

On this 10th day of June, 2015 before me, the undersigned notary public, personally appeared Mariann Castelli Hier, proved to me through satisfactory evidence of identification, which was personal knowledge, to be the person whose name is signed on the preceding document and acknowledged to me that she signed it voluntarily for its stated purpose, as Treasurer & Collector of Taxes for the City of Worcester.

Before me, _____
Candee R. Raphaelson, Notary Public
My Commission expires October 24, 2019

2)

CANDEE R. RAPHAELSON
Notary Public
Commonwealth of Massachusetts
My Commission Expires Oct. 24, 2019

Parcel ID -   0300900020
Location - 2 IONIC AVE

# CITY OF WORCESTER

Chapter 60 §43 Tax Collector's Deed Sale

May 20, 2015

PURCHASER'S STATEMENT – PURSUANT TO M.G.L. CH. 60 §47

RESIDENT – WORCESTER

Name:

Address:

City/State/Zip:

Telephone Number:

Signature: _____

---

NON – RESIDENT

Name:              EUGENE M. LAMENTO

Address:           4 GROVE ST

City/State/Zip:    PAXTON, MA 01612

Telephone Number:  (508) 808-9280

Signature:         _____
                   EUGENE M. LAMENTO

AGENT AUTHORIZED TO RELEASE LAND

Name:

Telephone Number:

This statement must be filed with the City Treasurer and with the Worcester District Registry of Deeds

ATTEST: WORC. Anthony J. Vigliotti, Register

```
2013 00039289
Bk: 50682 Pg: 30
Page: 1 of 1  04/02/2013 02:59 PM  WD
```

[THIS INSTRUMENT IS NOT VALID UNLESS RECORDED WITHIN 60 DAYS OF THE DATE OF TAKING]

STATE TAX FORM 301                                                                INSTRUMENT OF TAKING

### THE COMMONWEALTH OF MASSACHUSETTS
### CITY OF WORCESTER
### OFFICE OF THE COLLECTOR OF TAXES

I, Mariann Castelli Hier, Collector of Taxes for the City of Worcester, pursuant and subject to the provisions of General Laws, Chapter 60, §§53 and 54, hereby take for the city the following described land:

### DESCRIPTION OF LAND

MBL: 0300900020
ABOUT 21,287 SQ FT OF LAND WITH BUILDINGS LOCATED AT 0002 IONIC AVE SHOWN OF ASSESSORS PLAN AS MAP 03, BLOCK 009, LOT 00020 AND NOW OR FORMERLY OWNED BY SAID WHIZ KIDS DEVELOPMENT, LLC

Said land is taken for non-payment of taxes as defined in §43 of said Chapter 60 assessed thereon to: WHIZ KIDS DEVELOPMENT, LLC for the Fiscal Year 2012 which were not paid within fourteen days after demand thereon made upon WHIZ KIDS DEVELOPMENT, LLC July 20, 2012 and now remain unpaid together with interest and incidental expenses and costs to the date of taking in the amounts hereinafter specified, after notice of intention to take said land given as required by law.

| | |
|---|---|
| FY2012 TAXES REMAINING UNPAID | $10,161.21 |
| FY2012 WATER LIEN UNPAID | $ 51.55 |
| INTEREST TO THE DATE OF TAKING | $ 1,064.39 |
| INCIDENTAL EXPENSE AND COSTS TO THE DATE OF TAKING | $ 129.00 |
| SUM FOR WHICH LAND IS TAKEN | $11,406.15 |

WITNESS my hand and seal this 20th day of March, 2013

_____ Collector of Taxes for the City of Worcester

### THE COMMONWEALTH OF MASSACHUSETTS

WORCESTER, s.s.                                                                   March 20, 2013

On this 20th day of March 2013 before me, the undersigned notary public, personally appeared Mariann Castelli Hier, proved to me through satisfactory evidence of identification, which was personal knowledge, to be the person whose name is signed on the preceding document and acknowledged to me that she signed it voluntarily for its stated purpose, as Treasurer & Collector of Taxes for the City of Worcester.

Before me, _____
Candee R. Raphaelson, Notary Public
My Commission expires October 24, 2019



CANDEE R. RAPHAELSON
Notary Public
Commonwealth of Massachusetts
My Commission Expires Oct. 24, 2019

ATTEST: WORC. Anthony J. Vigliotti, Register



Section 43. If the taxes are not paid, the collector shall, at the time and place appointed for the sale, **sell by public auction**, for the amount of the taxes and interest, if any, and necessary intervening charges, the smallest undivided part of **the land** which will bring said amount, or the **whole for said amount**, if no person offers to take an undivided part; and shall at such sale require of the purchaser an immediate deposit of such sum as he considers necessary to insure good faith in payment of the purchase money, and, on failure of the purchaser to make such deposit forthwith, the sale shall be void and another sale may be made as provided in this chapter. The word "taxes", as used in the provisions of this and the following sections of this chapter relating to collection by **sale or taking of any parcel of land shall**, so far as pertinent, include all taxes, assessments or portions thereof, rates and charges of every nature which constitute a lien upon such parcel and which have lawfully been placed upon the annual tax bill of a municipality or of a district wholly or partly located within its limits. The collector, on behalf of such municipality and district or either of them, shall make a single **sale or taking of any parcel of land for all unpaid taxes** as so defined. If the municipality purchases or takes the land in such case, the proceeds received upon redemption of the tax title or upon a sale following foreclosure of the right of redemption shall be applied first to taxes assessed on account of the municipality under chapter fifty-nine, including interest thereon, and all costs, charges and terms of redemption in any way resulting from such sale or taking, second to any district taxes, including interest thereon, in the order in which they were committed to the collector, and the balance to other assessments or portions thereof, rates and charges, including interest thereon, in the order in which they were committed to the collector.

**Section 45 Collector's deed; contents; effect**

Section 45. The collector shall execute and deliver to the purchaser a **deed of the land**, stating the cause of sale, the **price for which the land was sold**, the name of the person on whom the demand for the tax was made, the places where the notices were posted, the name of the newspaper in which the advertisement of the sale was published, and the residence of the grantee, and shall contain a warranty that the sale has in all particulars been conducted according to law. The **deed shall convey the land** to the purchaser, subject to the right of redemption. The **title thus conveyed** shall, until redemption or until the right of redemption is foreclosed as hereinafter provided, be held as security for the repayment of the purchase price, with all intervening costs, terms imposed for redemption and charges, with interest thereon, and the premises conveyed, both before and after either redemption or foreclosure, shall also be subject to and have the benefit of all easements and restrictions lawfully existing in, upon or over said land or appurtenant thereto, and, except as provided in section seventy-seven, all covenants and agreements running with said premises either at law or in equity, when so conveyed. Such deed shall not be valid unless recorded within sixty days after the sale. If so recorded **it shall be prima facie evidence of all facts essential to the validity of the title thereby conveyed**, whether the deed was executed on or before as well as since July first, nineteen hundred and fifteen. No sale hereafter made shall give to the purchaser any right to possession of the land until the right of redemption is foreclosed, as hereinafter provided.

**Section 65 Rights of redemption; petition for foreclosure; legal fees**

Section 65. Except as provided in section sixty-two, **whoever then holds the title to land acquired by a sale or taking for taxes may bring a petition in the land court for the foreclosure of all rights of redemption of said land** either after six months from the sale or taking, or in case of a city or town, at any time following the sale or taking if the buildings thereon have been found to be abandoned property pursuant to section eighty-one A, or there has been a certification pursuant to section 81B that the redemption amount as determined pursuant to section 62 exceeds the assessed value of the parcel; provided, however, a petition for the foreclosure of all rights of redemption may be filed at any time following the consent in writing of the record owner. Such petition shall be made in the form to be prescribed by said court and shall set forth a description of the land to which it applies, with its assessed valuation, the petitioner's source of title, giving a reference to the place, book and page of record, and such other facts as may be necessary for the information of the court. Two or more parcels of land may be included in any petition brought by a town, whether under a taking or as **purchaser of such title** or titles, if such parcels are in the same record ownership at the time of bringing such petition. The land court in each petition filed by a city or town may, upon motion, order the payment of legal fees to a city or town, which amount shall be added to the tax title account of the land to which the right of redemption is being foreclosed; in no event shall the legal fees awarded exceed the actual costs incurred and the judge shall consider the taxpayer's ability to pay said fees in any such fee award.

To: Leah Kaaine   Page 4 of 8                    2015-11-19 20:59:21 (GMT)                    15085190292 From: Gene Lamento

Case 15-13167    Doc 85    Filed 11/19/15    Entered 11/19/15 16:31:09    Desc Main
Case 15-13167    Doc 1     Filed 08/10/15    Entered 08/11/15 10:29:44    Desc Main
                 Document       Page 23 of 32

B7 (Official Form 7) (04/13)
3

### 5. Repossessions, foreclosures and returns

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ■ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ■ List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Law Office of Barry R. Levine<br>100 Cummings Center<br>Suite 327G<br>Beverly, MA 01915 | 11/4/14 - from sources other than the debtor. | A retainer of $3,500.00 was paid. |